OPINION JUDGMENT ENTRY
{¶ 1} Intervenor-appellant Stark County Department of Job and Family Services, Child Support Enforcement Agency Division ("CSEA") appeals the August 19, 2003 Judgment Entry entered by the Stark County Court of Common Pleas, Domestic Relations Division, which overruled a magistrate's June 11, 2003 Decision, and ordered defendant-appellee Jerry Sandy's child support obligation for his last child terminated upon the child's attainment of the age of eighteen and/or graduation from high school.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} The facts of this case are largely undisputed. Plaintiff Jeanne Sandy nka Jeanne Perdue ("wife") and appellee were married on December 13, 1965. Three children were born as issue of said union, to wit: Lori (1967); Shelly (1968); and Kevin (4/11/71). Wife was granted a divorce from appellee via Judgment Entry filed February 16, 1972. Pursuant to this judgment entry, appellee was ordered to pay $65/month/child for support of the minor children, plus poundage. Appellee was "also ordered to pay all medical, prescriptive and optical expenses of [said minor children] until [said] children reach the age of majority, are emancipated, or married."
{¶ 3} On March 6, 1987, appellee was found guilty of contempt for failing to pay child support. The trial court determined the arrearages to be $7,000, and ordered such to be paid at a rate of $75/month. The trial court modified appellee's child support obligation to $125/month/child. The parties entered into an Agreed Judgment Entry on November 29, 1988. Pursuant thereto, in consideration for the payment of a lump sum of $3,000 from appellee to wife, all child support arrears were cancelled and deemed paid in full. Additionally, appellee's child support obligation was increased to $175/month, effective November 16, 1988.
{¶ 4} On January 8, 1991, CSEA filed a motion to determine child support arrearages owed by appellee. At a hearing on March 13, 1991, the parties agreed appellee owed arrearages in the amount of $12,000. Via Judgment Entry filed April 4, 1991, the trial court ordered appellee to pay $75/month toward the arrearages, commencing July 1, 1991. A $1,000 cash bond which appellee posted with the clerk of courts in April, 1987, was released to CSEA to be applied toward the outstanding arrearages.
{¶ 5} On January 25, 2002, CSEA filed another motion to determine the arrearages owed by appellee. After numerous continuances, the magistrate conducted a hearing on the motion on June 4, 2003. Via Magistrate's Decision filed June 11, 2003, the magistrate found appellee's child support obligation for Kevin continued until the child reached twenty-one years of age in 1992. Appellee filed objections thereto. The trial court conducted a hearing on the objections, after which appellee's objections were sustained, and the trial court ordered appellee's child support obligation terminated when Kevin reached the age of eighteen and/or graduated from high school. The trial court memorialized its decision via Judgment Entry filed August 19, 2003.
{¶ 6} It is from this judgment entry CSEA appeals, raising the following assignment of error:
{¶ 7} "I. The trial court erred in applying ohio revised code section 3109.01 retroactively to a pre-1974 divorce decree."
 I
{¶ 8} Herein, CSEA challenges the trial court's retroactive application of R.C. 3109.01 to a pre-1974 divorce decree. CSEA maintains the Ohio Supreme Court's decision in Nokes v. Nokes
(1976), 47 Ohio St.2d 1, is controlling.
{¶ 9} In Nokes, the Ohio Supreme Court held:
{¶ 10} "The Act lowering the age of majority in Ohio revealed no intention of the General Assembly that it should apply any way other than prospectively and R.C. 1.58 specifically requires prospective application." Id. at 9. Thus, the Supreme Court concluded the statutory change in the age of majority could have no application to pre-1974 decretal support obligations.
{¶ 11} The trial court herein found Nokes was not controlling "because [the divorce decree] specified child support was to be paid until the age of twenty-one." We find the trial court has misinterpreted Nokes. The pertinent language in the divorce decree in Nokes, provided: "Richard F. Nokes `shall pay certain sums for the support of his "minor children" and `* * * shall also provide a college education to any of his children desiring the same, and shall be responsible for all of their expenses for such advanced education at rates provided for in state universities'." Id. at 1.
{¶ 12} We find Nokes did not require the use of the specific language "age twenty-one" in the decree before finding child support continued to age twenty-one. It is the language used in the decree ("minor children") which dictated the result. We find the language used in the divorce decree in the instant action is sufficiently analogous to warrant the application of Nokes.
Accordingly, we find the trial court erred in retroactively applying R.C. 3109.01.
{¶ 13} The judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is reversed and the matter remanded for further proceedings consistent with the law and this opinion.
Hoffman, J., Gwin, P.J. and Boggins, J. concur.
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is reversed and the matter remanded for further proceedings consistent with the law and this opinion. Costs assessed to appellee.